**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD HENKIE RAJO; OLLY FONNY RGAHANG; OSCEAN SWINGLY RAJO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72099 <br><br> Agency Nos. A096-351-539 <br> A096-351-540 <br> A096-351-542 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Ronald Henkie Rajo, and his wife and son, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' order dismissing their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of petitioners' asylum application. *See* 8 C.F.R. § § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, petitioners' asylum claim fails.

Substantial evidence supports the agency's determination that petitioners' experiences of harassment and religious discrimination do not rise to the level of past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009). Substantial evidence also supports the agency's determination that petitioners failed to establish a clear probability of persecution because, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004) applies to petitioners, Seventh Day Adventist Christians, they have not demonstrated the requisite individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003); *see also Wakkary*, 558 F.3d 1049 ("[A]n applicant for withholding of removal will need to adduce a

considerably larger quantum of individualized-risk evidence to prevail[.]").
Further, the record does not compel the conclusion that there is a pattern or practice of persecution of Christians in Indonesia. *See Wakkary* at 1060-62. Accordingly, petitioners' withholding of removal claim fails.

Substantial evidence also supports the agency's determination that petitioners are not entitled to CAT relief because they failed to establish it is more likely than not that they will be tortured upon return to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**